IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>APPROXIMATELY $849,949.95 IN FUNDS SEIZED FROM NAVY FEDERAL CREDIT UNION ACCOUNT XXXXXXXX8910, HELD BY OR FOR THE BENEFIT OF ARAKIM JEREMIAH; AND<br><br>APPROXIMATELY $300,285.81 IN FUNDS SEIZED FROM NAVY FEDERAL CREDIT UNION ACCOUNT XXXXXXXX9821, HELD BY OR FOR THE BENEFIT OF KEITH BREUHL. | COMPLAINT FOR<br>FORFEITURE *IN REM*<br><br><br>CIVIL ACTION NO. |

## **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Comes now Petitioner United States of America, by and through the United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

*Nature of the Action*

1.  This is a civil action *in rem* pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 981(a)(1)(A), and 984 seeking to recover approximately $1,150,235.76 which constitute the proceeds of a scheme to defraud an American company (the "Victim Company") using false and fraudulent representations made through the use of the wires, property involved in money laundering, and the fruits of organized crime.

2.  Procedures for this action are mandated by Rule G of the Supplemental Rules

for Admiralty or Maritime Claims and Asset Forfeiture Actions and, to the extent applicable, Title 18, United States Code, Sections 981, 983, and 984, and the Federal Rules of Civil Procedure.

### *Jurisdiction and Venue*

3. This Court has jurisdiction over this action commenced by the United States under Title 28, United States Code, Section 1345 and over this action for forfeiture under Title 28, United States Code, Section 1355(a). The Court has *in rem* jurisdiction over the defendant property under Title 28, United States Code, Section 1355(b).

4. This Court has venue pursuant to Title 28, United States Code, Sections 1355 and 1395. Venue is proper because the Funds were transferred through an account located this district.

### *Defendant Property*

5. This action seeks the forfeiture of all right, title, and interest in the following above-captioned funds seized from Navy Federal Credit Union ("Navy FCU"):

> $849,949.95 seized from account number XXXXXXX8910 held by or for the benefit of Arakim Jeremiah ("Subject Account-6"), and
>
> $300,285.81 in funds seized from account number XXXXXXX9821 held by or for the benefit of Keith Breuhl ("Subject Account-5").

6. The United States Secret Service seized the funds from both accounts (hereinafter "Defendant Property") pursuant to a warrant.

### *Statutory Basis for Forfeiture*

7. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting

"specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

8. Title 18, United States Code, Section 1956(c)(7)(A) defines the term "specified unlawful activity" to mean, in relevant part, "any act or activity constituting an offense listed in" section 1961(1).

9. Title 18, United States Code, Section 1961(1)(B), in turn, specifically refers to "any act which is indictable under any of the following provisions of Title 18, United States Code, Section 1343 (relating to wire fraud)."

10. Title 18, United States Code, Section 1343 provides that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

11. Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 or 1957, or any property traceable to such property is subject to forfeiture.

12. Title 18, United States Code, Section 1956(a)(1)(B)(i) provides penalties for:

> (a)(1) whoever knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct a financial transaction which in fact

>> involves the proceeds of specified unlawful activity –
>>
>>> (B) knowing that the transaction is designed in whole or in part –
>>>
>>>> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

13. Title 18, United States Code, Section 1957(a)(1) provides penalties for:

> (a)(1) whoever knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct a financial transaction which in fact involves the proceeds of specified unlawful activity –
>
>> (B) knowing that the transaction is designed in whole or in part -
>>
>>> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

14. With regard to the civil forfeiture of fungible property, 18 U.S.C. § 984 provides that funds deposited in an account in a financial institution that are found in the same account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture so long as the action is commenced within one year from the date of the offense.

### *Factual Basis*

15. Through false and deceptive representations made by email, the perpetrators of a business email compromise scheme caused a title company, holding funds for an American-based investment company ("Victim Company"), to wire approximately $2,500,000.00 from an account under its control to an account controlled by perpetrators in the Southern District of

Texas.

16. To further conceal and dissipate the proceeds of this fraudulent scheme, the perpetrators swiftly divided the funds and dispersed them to separate accounts under their control. The Defendant Property constitutes funds from two accounts associated with this fraudulent scheme that the United States Secret Service recovered.

17. In early 2022, Victim Company, based in Boca Raton, Florida, was involved in a prospective real estate transaction to purchase thirty to forty gas stations for approximately $215,000,000.00. Victim Company held their down payment of $2,500,000.00 for the prospective transaction on deposit in an account belonging to the title company. The prospective real estate transaction ultimately collapsed, leaving the $2,500,000.00 down payment in the custody and control of the title company.

18. During or before this time, perpetrators infiltrated and compromised the email accounts of Victim Company. The perpetrators discovered information on the prospective real estate transaction and the contact information of the title company. On or about January 11, 2022, the perpetrators sent a spoofed email to the title company claiming to be Victim Company's Chief Financial Officer ("CFO"). As the purported CFO, the perpetrators fraudulently ordered the title company to wire the funds to a different bank account than what the title company had on file.

19. The new bank account, Wells Fargo Bank account number XXXXXXX5901 ("Subject Account-1"), was in Houston, Texas and did not belong to Victim Company. Instead, it belonged to an individual (hereinafter "J.V.") in Houston, Texas who worked in concert with and/or at the direction of perpetrators.

20. The spoofed email included a phone number which appeared to belong to the

CFO. The title company called the phone number, but it connected to the perpetrators. The perpetrators confirmed the change of account and ordered the title company to transfer the funds to Subject Account-1. On January 12, 2022, the title company transferred the funds to Subject Account-1.

21. Over the next two days, the perpetrators dispersed all funds from Subject Account-1 into the following five separate accounts using business checks in the name of J.V.:

| Date | Recipient Account | Bank of Deposit | Balance |
|---|---|---|---|
| 1-13-2022 | Subject Account-2 | REGIONS BANK | $850,000.00 |
| 1-14-2022 | Subject Account-3 | BANK OF AMERICA | $400,000.00 |
| 1-14-2022 | Subject Account-4 | NAVY FCU | $87,500.00 |
| 1-14-2022 | Subject Account-5 | NAVY FCU | $312,500.00 |
| 1-14-2022 | Subject Account-6 | NAVY FCU | $850,000.00 |

22. The scheme participants rapidly transferred proceeds obtained through the wire fraud scheme from Subject Account-1 to the other subject accounts, doing so at least in part to conceal the nature, source, ownership, and control of those funds. The scheme participants did so knowing that the funds constituted criminally derived property and, in particular, property derived from the wire fraud scheme detailed herein.

23. United States Secret Service Senior Special Agent Jason Bollen ("SSA Bollen") contacted Navy FCU. SSA Bollen learned that Navy FCU suspected a fraudulent scheme and placed holds on Subject Account-5, which contained approximately $300,000.00, and Subject Account-6, which contained approximately $849,949.95. SSA Bollen also learned that no funds

remained in Subject Account-4, which was in the name of J.V. In response, SSA Bollen obtained and executed a warrant for Subject Accounts 5 and 6 and recovered the Defendant Property.

## **CONCLUSION**

24.     The perpetrators of this scheme used wires – including email communications – to cause the title company to transfer Victim Company's down payment of $2,500,000 to Subject Account-1 under false and fraudulent pretenses. Wires were then used by scheme participants to further transfer funds from Subject Account-1 into additional accounts. The perpetrators, knowing the funds were proceeds of specified unlawful activity, transferred the funds to, in whole or in party, conceal the nature, source, ownership, and control of those funds. Furthermore, perpetrators knowingly engaged in monetary transactions in criminally derived property with a value greater than $10,000, and the property was derived from specified unlawful activity.

25.     The Defendant Property constitutes or is derived from proceeds traceable to wire fraud, funds involved in money laundering, and property involved in a monetary transaction derived from specified unlawful activity. Therefore, the Defendant Property is subject to forfeiture.

## **Prayer**

WHEREFORE, Plaintiff United States of America respectfully prays the Court that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; judgment be entered declaring the Defendant Property to be condemned and forfeited to the United States of America for disposition according to law; and the United States be granted such other and further relief as this Court may deem just and proper.

Respectfully submitted, this the 20th day of October, 2022.

JENNIFER LOWERY

UNITED STATES ATTORNEY

/s/Rick Blaylock
Rick Blaylock
SDTX Federal No. 3544108
Assistant United States Attorney
600 E. Harrison St., #201
Brownsville, Texas 78520
Telephone (956) 566-2132
Email: Rick.Blaylock.Jr@usdoj.gov

## VERIFICATION BY SENIOR SPECIAL AGENT JASON BOLLEN

I declare under penalty of perjury that the factual information contained in the foregoing Complaint is true and correct according to the best of my knowledge, information, and belief.

Executed on the 8th day of September, 2022.

_____
Senior Special Agent Jason Bollen
United States Secret Service